IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANE DECECCO,** | ) | CIVIL ACTION NO. 12-272 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **UPMC** *and* **UPMC PRESBYTERIAN SHADYSIDE,** | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Pending before the court is a motion for attorneys' fees filed by plaintiff Diane Dececco ("plaintiff") against defendants UPMC and UPMC Presbyterian Shadyside ("defendants"). On April 24, 2012, plaintiff filed a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) seeking among other things, judgment as a matter of law declaring the challenged provisions of an agreement between the parties dated June 1, 2010 (the "agreement") unlawful under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C.A. § 623. (ECF No. 12.) Defendants filed a brief in opposition to plaintiff's motion for partial judgment on the pleadings on May 29, 2012. (ECF No. 19.) On June 11, 2012, plaintiff filed a reply to defendants' brief in opposition to plaintiff's motion for partial judgment on the pleadings. (ECF No. 21.)

On August 9, 2012, the court held a hearing on plaintiff's motion for partial judgment on the pleadings (the "hearing"). At the hearing and on the record, the court granted in part and denied in part plaintiff's motion. (H.T. 8/9/12 at 31.) The court

granted plaintiff's motion to the extent it was seeking a declaration that the agreement was invalid under the rationale set forth in Bogacz v. MTD Products, Inc., 694 F. Supp. 2d 400, 405 (W.D. Pa. 2010), and Rupert v. PPG Industries, Inc., Nos. 07-705, 08-616, 2009 WL 596014, at *38 (W.D. Pa. Feb. 26, 2009). (Id.) The court denied without prejudice plaintiff's motion with respect to all other requests for injunctive relief, including her request for the court to enjoin defendants from utilizing agreements similar to the agreement at issue in this case. (Id.)

On August 23, 2012, plaintiff filed a motion for attorneys' fees. (ECF No. 41.) Plaintiff asserts that in light of the declaratory relief awarded by this court on August 9, 2012, she is a prevailing party and entitled to attorneys' fees under § 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference § 216 of the Fair Labor Standards Act, 29 U.S.C. § 216. Section 216 provides: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216. On September 13, 2012 defendants filed a response in opposition to plaintiff's motion for attorneys' fees. (ECF No. 46.) Defendants argue plaintiff is not a prevailing party in this action because a declaratory judgment "provides the plaintiff with nothing more than she had before filing suit does not make her a 'prevailing party.'" (ECF No. 46 at 2.) (quoting Rhodes v. Stewart, 488 U.S. 1, 3 (1988)). Plaintiff filed a motion for leave to file a reply to defendants' response in opposition, (ECF No. 47), in which plaintiff articulated in detail the substance of the reply. The court granted plaintiff leave to file a reply to defendant's response in opposition on November 9, 2012. Plaintiff, however, did not file the reply brief with the court.

In Farrar v. Hobby, 506 U.S. 103 (1992), the United States Supreme Court dealt with the issue of a prevailing party in the context of a civil rights claim. The Court held: "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar, 506 U.S. at 111. At this early stage of the proceedings, it is premature for the court to determine whether the court's order granting plaintiff's motion for judgment on the pleadings to the extent of declaring that the waiver provision of the agreement was invalid under the ADEA materially alters the relationship between the parties. That determination can only be made after the resolution of plaintiff's underlying age discrimination claims against defendants. If plaintiff does not prevail on the underlying age discrimination claims, the court's determination that the waiver provision of the agreement was invalid could not serve to alter materially the legal relationship between the parties. The court, therefore, declines to award plaintiff attorneys' fees at this early stage in the case and will deny plaintiff's motion for attorneys' fees without prejudice.

The court finds in the interest of efficiency that a determination whether plaintiff is entitled to attorneys' fees should be made at the conclusion of plaintiff's case when there is a resolution about whether defendants violated plaintiff's rights under the ADEA. Plaintiff acknowledged in her motion for attorneys' fees that:

> Plaintiff's ADEA claims all arose out of a single, brief meeting on June 1, 2010. They are all directed to enforcing the same federal civil rights statute. They have all been litigated concurrently and as a whole.

(ECF No. 41 at 11.) For these reasons, the court will determine whether plaintiff is a prevailing party entitled to attorneys' fees after there is a resolution concerning the merits of her age discrimination claims.

Based upon the foregoing, the court HEREBY ORDERS that plaintiff's motion for attorneys' fees (ECF No. 41) is **DENIED** without prejudice.

Date: November 16, 2012

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge