IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANE DECECCO,** | ) | CIVIL ACTION NO. 12-272 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **UPMC *and* UPMC PRESBYTERIAN SHADYSIDE,** | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Pending before the court is a motion for attorneys' fees filed by plaintiff Diane Dececco ("plaintiff") against defendants UPMC and UPMC Presbyterian Shadyside ("defendants"). On April 24, 2012, plaintiff filed a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) seeking, among other things, judgment as a matter of law declaring the challenged provisions of an agreement between the parties dated June 1, 2010 (the "agreement") unlawful under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C.A. § 623. (ECF No. 12.) Defendants filed a brief in opposition to plaintiff's motion for partial judgment on the pleadings on May 29, 2012. (ECF No. 19.) On June 11, 2012, plaintiff filed a reply to defendants' brief in opposition to plaintiff's motion for partial judgment on the pleadings. (ECF No. 21.)

On August 9, 2012, the court held a hearing on plaintiff's motion for partial judgment on the pleadings (the "hearing"). At the hearing and on the record, the court granted in part and denied in part plaintiff's motion. (H.T. 8/9/12 at 31.) The court

granted plaintiff's motion to the extent it was seeking a declaration that the waiver provision of the agreement was invalid under the rationale set forth in <u>Bogacz v. MTD Products, Inc.</u>, 694 F. Supp. 2d 400, 405 (W.D. Pa. 2010), and <u>Rupert v. PPG Industries, Inc.</u>, Nos. 07-705, 08-616, 2009 WL 596014, at *38 (W.D. Pa. Feb. 26, 2009). (<u>Id.</u>) The court denied without prejudice plaintiff's motion with respect to all other requests for injunctive relief, including her request for the court to enjoin defendants from utilizing agreements similar to the agreement at issue in this case. (<u>Id.</u>)

On August 23, 2012, plaintiff filed a motion for attorneys' fees. (ECF No. 41.) In that motion, she acknowledges that her

> ADEA claims all arose out of a single, brief meeting on June 1, 2010. They are all directed to enforcing the same federal civil rights statute. They have all been litigated concurrently and as a whole.

(ECF No. 41 at 11.) Plaintiff asserts, however, that in light of the declaratory relief awarded by this court on August 9, 2012, she is a prevailing party and is entitled to attorneys' fees under § 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference § 216 of the Fair Labor Standards Act, 29 U.S.C. § 216. Section 216 provides: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216.

On September 13, 2012, defendants filed a response in opposition to plaintiff's motion for attorneys' fees. (ECF No. 46.) Defendants argue plaintiff is not a prevailing party in this action because the declaration provides plaintiff with nothing more than she had before filing suit. (ECF No. 46 at 2.) (citing <u>Rhodes v. Stewart</u>, 488 U.S. 1, 3 (1988)). Plaintiff filed a motion for leave to file a reply to defendants' response in opposition, (ECF No. 47), in which plaintiff articulated in detail the substance of the

reply. On November 9, 2012, the court granted plaintiff leave to file a reply to defendant's response in opposition. On October 20, 2012, plaintiff filed a reply brief. (ECF No. 51.) On November 6, 2012, plaintiff filed a notice of supplemental authority. (ECF No. 56.)[1]

In <u>Farrar v. Hobby</u>, 506 U.S. 103 (1992), the United States Supreme Court dealt with the issue of a prevailing party in the context of a civil rights claim. The Court held: "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." <u>Farrar</u>, 506 U.S. at 111. At this early stage of the proceedings, it is premature for the court to determine whether the court's order declaring that the waiver provision of the agreement was invalid under the ADEA materially alters the relationship between the parties. That determination can only be made after the resolution of plaintiff's underlying age discrimination claims against defendants. If plaintiff does not prevail on the underlying age discrimination claims, the court's determination that the waiver provision of the agreement was invalid could not serve to alter materially the legal relationship between the parties. The court, therefore, declines to award plaintiff attorneys' fees at this early stage in the case and will deny plaintiff's motion for attorneys' fees without prejudice.

In plaintiff's notice of supplemental authority, she cites <u>Lefemine v. Wideman</u>, --- S. Ct. ----, 2012 WL 5381602 (Nov. 5, 2012) (per curiam), in support of the proposition that plaintiff is a prevailing party because the court granted plaintiff's motion for

---

[1] The court entered an order on November 16, 2012, in which it did not acknowledge plaintiff's notice of supplemental authority and indicated plaintiff did not file a reply brief. This oversight was brought to the court's attention and that order was vacated the same day.

judgment on the pleadings to the extent of declaring that the waiver provision of the agreement was invalid under the ADEA. (ECF No. 56.) In Lefemine, the plaintiff engaged in abortion protests by holding signs depicting aborted fetuses at a busy intersection in South Carolina. Lefemine, 2012 WL 5381602, at *1. During one of these protests, a police officer, citing public complaints, instructed the plaintiff to discard the signs or he would be ticketed for breach of the peace. Id. The plaintiff ceased protesting that day, but a year later, the plaintiff's attorney sent a letter to the county sheriff informing him that the plaintiff intended to return to the same intersection with the same signs to continue protesting. Id. A chief deputy responded to the letter indicating the police had not previously violated the plaintiff's rights and that if the plaintiff returned to the intersection to protest, he would be instructed to cease protesting and threatened with criminal sanctions. The plaintiff did not hold the protests because of the chief deputy's threats of criminal sanctions. Id.

The plaintiff filed a complaint against several police officers seeking nominal damages, a declaratory judgment, permanent injunction, and attorneys' fees under 42 U.S.C § 1983, asserting the officers violated his First Amendment rights by threatening criminal sanctions if he protested. Lefemine, 2012 WL 5381602, at *1. In ruling on the parties' motions for summary judgment, the district court found that the defendants violated the plaintiff's civil rights and enjoined the defendants from engaging in similar conduct in the future. Id. The court denied the plaintiff's request for attorneys' fees finding they were not warranted under the facts of the case. Id. The Fourth Circuit Court of Appeals affirmed the district court's holding with respect to attorneys' fees, finding the plaintiff was not a prevailing party because the relief awarded did not alter the legal relationship between the parties. Id. The Supreme Court reversed, finding an award of

attorneys' fees is warranted "'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Id. (quoting Farrar, 506 U.S. at 111-12) (emphasis added). The Court held the district court's findings "worked the requisite material alteration in the parties' relationship," reasoning, "[b]efore the ruling, the police intended to stop Lefemine from protesting with his signs; after the ruling, the police could not prevent him from demonstrating in that manner." Id.

> Plaintiff asserts that Lefemine is applicable to the present case, arguing:
>
> In both Lefemine and in this case, the pre-ruling relationship of the parties was disputed: the plaintiff contending she had a federal right to proceed in some manner, and the defendant contending it had a federal right to stop the plaintiff. In both cases, the Court resolved the dispute over the plaintiff's federal rights in the plaintiff's favor, and freed the plaintiff to move forward.

(ECF No. 56 at 13.) The court finds Lefemine is distinguishable from the present case. In that case, the police officers prevented the plaintiff from exercising his civil rights to protest by threatening him with criminal sanctions. The district court held on the merits that the plaintiff's civil rights were violated and prohibited the police officers from exercising that kind of authority. This holding was on the merits and modified the defendants' behavior in a way that directly benefitted the plaintiff because he could now engage in the protest. Under those circumstances, he was a prevailing party. Here, the court did not rule on the merits of plaintiff's ADEA claims. The court found the waiver provision of the agreement in issue was not a valid defense to plaintiff's ADEA claims because it was invalid or unenforceable under applicable law, but that finding did not modify defendants' behavior in a way that directly benefitted plaintiff. Plaintiff, therefore, is not a prevailing party entitled to attorneys' fees at this stage of the case. See

5

e.g. Prise v. Alderwoods Group, Inc., No. 06-1470, 2011 WL 4473148, at *7 (W.D. Pa. Sept. 26, 2011) (finding plaintiff, who had not been awarded nominal or other damages, was not a prevailing party because "[a]lthough a verdict on one claim was rendered in favor of [plaintiff] and the court entered judgment on that claim in her favor, there is nothing about that judgment that can be enforced by plaintiff against defendant.") After the district court's judgment in Lefemine, the plaintiff could protest without interference from the defendants. By contrast, plaintiff in this case has nothing more than she did when she filed a lawsuit against defendants, i.e. a lawsuit against defendants, and therefore, a material alteration of the legal relationship between plaintiff and defendants has not occurred. See Singer Management Consultants, Inc. v. Milgram, 650 F.3d 223, 228 (3d Cir. 2011) (quoting Farrar, 506 U.S. at 112-13) (holding "a court's 'judicial pronouncement that the defendant has violated the Constitution' does not create the requisite 'material alteration of the legal relationship between the parties ... until the plaintiff becomes entitled to enforce a judgment'"). In contrast, if plaintiff's position is correct, every time one of several defenses raised is found to be invalid or not sufficient in a civil rights case, a plaintiff could recover attorneys' fees even if that plaintiff loses on the merits of his or her civil rights claim. This court cannot read Lefemine to warrant that kind of result. In this case where defendants raised other defenses, the court cannot find plaintiff is a prevailing party until at least "actual relief on the merits" of plaintiff's underlying discrimination claims is granted. Farrar, 506 U.S. at 111-12.

    For the reasons set forth above, a determination whether plaintiff is entitled to attorneys' fees should be made when there is a resolution on the merits about whether defendants violated plaintiff's rights under the ADEA.

Based upon the foregoing, the court HEREBY ORDERS that plaintiff's motion for attorneys' fees (ECF No. 41) is **DENIED** without prejudice.

Date: December 19, 2012                                         By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge